# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Frederic P. McCann, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: **N25C-11-151 FJJ** |
| v. | ) | |
| | ) | |
| CP Direct LLC, CP Direct | ) | |
| Holdings LLC, Grante Creek | ) | |
| Capital Partner LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: February 9, 2026
Decided: February 12, 2026

## OPINION AND ORDER
## On Defendants' Motion to Dismiss

## GRANTED in part; DENIED in part

*Mr. Frederic McCann*, Sterling, Virginia, *Pro-Se Plaintiff.*

*Daniel Kaprow, Esquire and Alexandra M. Ewing, Esquire*, Wilmington, Delaware, Richard Layton and Fingers, Wilmington Delaware; and *Jeffrey Schwaber, Esquire* (argued) and *Deanna Peters, Esquire,* Stein Sperling Bennett DeJong Driscoll PC, Rockville, Maryland for Defendants CP Direct, Holdings, LLC and CP Direct, LLC.

*Thad Bracegirdle, Esquire,* Wilmington, Delaware; and *A. Colin Wexler, Esquire*, and *Meredith S Kirshenbaum, Esquire* (argued) and *Daniel C. Mozley, Esquire* Goldberg Kohn Chicago, Illinois for Defendant Grante Creek Capital Partner, LLC.

**Jones, J.**

Frederic McCann ("McCann") was the CFO of CP Direct, LLC ("CP Direct") from the fall of 2023 until he was terminated on February 4, 2025. McCann has filed the instant complaint alleging that he was terminated without cause and that he is entitled to certain compensation under his employment agreement with CP Direct. McCann has sued CP Direct, CP Direct Holdings, LLC ("CP Direct Holdings") and Granite Creek Partners, LLC ("Granite Creek"). McCann has filed a five count complaint consisting of: (1) Breach of Contract claim; (2) Implied Covenant of good faith and fair dealing: (3) Promissory Estoppel/ Detrimental Reliance; (4) Tortious Interference with Contractual and Economic Relations; and (5) Intentional Infliction of Emotional Distress. Each of the Defendants have moved to dismiss the complaint under Rule 12(b)(6). This is the Court's decision on the motion to dismiss.

## STANDARD OF REVIEW

When reviewing a Motion to Dismiss under Superior Court Rule 12(b)(6), the Court (1) accepts all well-plead factual allegations as true, (2) accepts even vague allegations as well-plead if they give the opposing party notice of the claim, (3) draws all reasonable inferences in favor of the non-moving party, and (4) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[1] "Dismissal is warranted where the

---

[1] *ET Aggregator, LLC v. PFJE Asset Co Holdings LLC*, 2023 WL 8535181, at *6 (Del. Super. Ct., Dec. 8, 2023).

plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[2]

## FACTS

When the facts are taken from the Complaint and viewed in a light most favorable to McCann they reveal the following:

McCann was hired by CP Direct in the fall of 2023 to serve as the Chief Financial Officer of CP Direct. He signed an employment agreement with CP Direct. The employment agreement outlines how the agreement can be terminated.[3] The agreement lays out McCann's rights upon termination.[4] In short, the benefits due upon termination depend upon whether McCann was terminated for cause or was terminated without cause. The dispute in this case centers on whether McCann was terminated for cause.

## ANALYSIS
## BREACH OF CONTRACT CLAIM

In Count I of his complaint McCann alleges a breach of contract claim against CP Direct and CP Holdings. To state a breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) the breach of an obligation imposed by that contract; and (3) resulting damage to the plaintiff. CP Direct concedes that

---

[2] *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Ct., Aug. 20, 2004).
[3] See paragraphs 3.1-3.5.
[4] See paragraph 3.7.

the Complaint alleges that COP Direct breached McCann's Employment Agreement because it "failed and refused to pay the severance and other compensation owed under it". Despite this concession CP Direct maintains that the claim is fatally flawed because CP Direct had no obligation to pay anything under the facts alleged.

When the facts are viewed in a light most favorable to the plaintiff they support a claim that McCann was terminated without cause thereby triggering certain compensation rights under the employment agreement. In short the agreement and the facts alleged support a breach of contract claim against CP Direct at this stage of the proceedings. CP Direct's motion to dismiss the breach of contract claim is **DENIED**.

Only parties to a contract may be liable for the breach of that contract.[5] McCann alleges that the Employment Agreement "was duly executed by Plaintiff and CP Direct, LLC".[6] CP Holdings is not identified as a party to the Employment Agreement and did not sign it.[7] As such the breach of contract claim against CP Holdings is **DISMISSED**.

---

[5] *Wenske v. Blue Bell Creameries, Inc.,* 2018 WL 5994971 (Del. Ch. 2018).
[6] Compl. No. #3.
[7] (See Exh. A to the Complaint, A-1 and A-13).

## BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

Count II of the complaint alleges that there has been a breach of the implied covenant of good faith and fair dealing by CP Direct and CP Holdings. The implied covenant of good faith and fair dealing does not apply where the language of the contract expressly covers a particular issue.[8]

In the complaint McCann alleges express terms in the Employment Agreement that directly addresses CP Direct' ability to terminate McCann's employment by making either an Involuntary Termination Without Cause or a Termination With Cause. The express terms of the Employment Agreement dictate what, if any, payments CP Direct is required to pay McCann upon his termination and what payments are triggered is a function of whether the termination is with or without cause. There is no contractual gap that has been pled which would trigger the claim of a breach of the implied covenant of good faith and fair dealing. An implied covenant claim requires factual allegations that are different from those underlying a breach of contract claim.[9] No such allegations are found in the complaint. Therefore Count II of the complaint sounding in a breach of the implied covenant of good faith and fair dealing is **DISMISSED**.

---

[8] *Nationwide Emerging Managers, LLC v. Northpointe Holdings, LLC*. 112 A.3d 878, 896 (Del. 2015).
[9] *3M Co. v. Neology, Inc.,* 2019 WL 2714832 (Del. Super. 2019); *Brightstar Corp. v. PCS Wireless, LLC.,* 2019 WL 3714917 (Del. Super. 2019).

## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE

Count III of the complaint sounds in Promissory Estoppel and Detrimental Reliance. This theory of recovery does not apply were a fully integrated enforceable contract governs the promise at issue.[10] McCann pleads Count III "in the alternative to the contractual claim set forth in Count I."[11] A right to plead alternative theories does not obviate the obligation to provide factual support for each theory.[12] McCann expressly repeats and realleges each and every allegation contained in the paragraphs preceding Count III- including the allegations of the existence of a "written Employment Agreement" with CP Direct. The terms of the Employment Agreement are the only clear and definite promises alleged. There is no independent basis for the promissory estoppel claim. Additionally, McCann relies on the same damages as the breach of contract claim which defeats the claims asserted in Count III.[13] Count III of the complaint sounding in Promissory Estoppel/Detrimental Reliance is **DISMISSED**.

## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND ECONOMIC RELATIONS

Count IV of the complaint alleges that Granite Creek, and in the alternative CP Direct, tortiously interfered with McCann's employment contract. Under

---

[10] *SIGA Techs., Inc. v. PharmAthene, Inc.,* 67 A.3d 330, 348 (Del. 2013).
[11] Compl. #109.
[12] *BAE Sys. Info. & Elec. Sys. Integration, Inc v. Lockheed Martin Corp.,* 2009 WL 264088 (Del. Ch. 2009).
[13] *Doberstein v. G-P Indus., Inc.,* 2015 WL 6606484 (Del. Ch. 2015).

Delaware law, the elements for tortious interference with a contract are: (1) a contract, (2) about which the defendant knew, and (3) an intentional act that is a significant factor in causing the breach of such contract, (4) without justification, (5) which causes injury.[14] Additionally, a party cannot be liable for both breach of contract and inducing that breach.[15] Therefore, after the discussion in Count I, this claim against CP Direct cannot stand and Count IV as to CP Direct is **DISMISSED**.

McCann alleges that Granite Creek had actual knowledge of the Employment Agreement between him and CP Direct.[16] It is further alleged that Granite Creek was the ultimate decision maker for executive employment and actively participated in approval of executive compensation, bonuses, and terminations.[17] The pleading standards governing the motion to dismiss stage of a proceeding are minimal.[18] Thus, elements (1) and (2) have been shown.

The complaint then alleges that Granite Creek directed CP Direct's leadership to terminate McCann's employment for the purpose of avoiding payment of the performance-based bonus and severance owed under the Employment Agreement.[19] Taken in a light most favorable to the plaintiff, the

---

[14] *Bhole, Inc. v. Shore Investments, Inc.*, 67 A.3d 444, 453 (Del. 2013).
[15] *Id.*
[16] Compl. ¶126.
[17] Compl. ¶122, ¶124.
[18] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011).
[19] Compl. ¶125.

allegation that Granite Creek directed CP Direct's leadership to terminate McCann's Employment Agreement is enough to satisfy element (3).

McCann further alleges that Granite Creek's actions were in retaliation to McCann's insistence on adherence to proper reporting protocols, compliance with accounting standards, accurate financial disclosures, and adherence to audit standards.[20] There can be no non-contractual liability of the affiliated corporation unless the plaintiff pleads and proves that the affiliate sought not to achieve permissible financial goals but sought maliciously or in bad faith to injure plaintiff.[21] McCann's allegation that termination was done in retaliation to McCann's insistence on adherence to proper reporting protocols, compliance with accounting standards, accurate financial disclosures, and adherence to audit standards alleges actions on the part of Granite Creek that were done maliciously or in bad faith to injure the plaintiff. [22]  This allegation is sufficient to meet the pleading standard necessary to meet element (4) notwithstanding the affiliated corporation doctrine.

The complaint alleges financial injury as well as reputational harm sufficient to meet element (5).[23]  At this stage of the pleadings, the elements of Tortious Interference have been properly pled against Granite Creek and the motion to

---

[20] Compl. ¶128, ¶133.
[21] *Bhole, Inc. v. Shore Investments, Inc*., 67 A.3d 444, 453 (Del. 2013).
[22] Compl. ¶128, ¶133.
[23] Compl. ¶136.

dismiss is **DENIED**. There are no substantive allegations in Count IV as to CP Direct Holdings. Therefore Court IV is **DISMISSED** as to CP Direct Holdings.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count V of his complaint plaintiff alleges that CP Holdings and Granite Creek committed the tort of intentional infliction of emotional distress. In Delaware, the elements of the tort of intentional infliction of emotional distress ("IIED") are defined by Section 46 of the Restatement (Second) of Torts.[24] According to the Restatement, an IIED claim arises when "one who extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the others results from it, for such bodily harm. Extreme and outrageous conduct is that which exceeds the bounds of decency and is regarded as intolerable in a civilized community.[25] The Court considers the Restatement's comment as to what conduct might be sufficiently extreme and outrageous to warrant IIED liability:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant acted with an intent which is tortious or even criminal, or that he has intended To inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.

[24] *Spence v. Cherian et. al.,* 135 A.3d 1282 (Del. Super. 2016).
[25] *Id.*

9

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as Atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim 'Outrageous!'[26]

Even at the motion to dismiss stage it is for the Court to determine, in the first instance, whether defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.[27]

Plaintiff's complaint does not allege facts that are sufficient to meet the burden of proving that defendants conduct was outrageous. The allegations that the defendants engaged intentional pressure, manipulation of compensation classification, retaliatory conduct and coercive efforts tied to severance are insufficient as a matter of law to meet the definition of outrageous conduct.[28] Therefore, Defendants' Motion to Dismiss the Intentional Infliction of Emotional Distress claim is **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones Jr.*

Francis J. Jones, Jr., Judge

cc:    File & ServeXpress

---

[26] *Id.*

[27] *Dollard v. Callery.,* 185 A.3d 694, 704 (Del. Super. 2018); *Hunt ex. rel. DeSombre v. Dept. of Safety & Homeland Security*. 69 A.3d 360, 367 (Del. 2013).

[28] *O'Leary v. Telecom Res. Serv., LLC*, 2011 WL 379300 (Del. Super. 2011).